

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00195-CR
No. 07-24-00196-CR

**PHILLIP WAYNE CRAWFORD, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 32467-B & 33745-B, Honorable Titiana Frausto, Presiding

January 14, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Philip Wayne Crawford, appeals his convictions for assault on a public servant[1] and assault on a peace officer.[2] Appellant's brief was originally due October 28, 2024, but we granted Appellant's appointed counsel two extensions to file a brief. By letter of December 11, 2024, we admonished Appellant's counsel that no further

---

[1] See TEX. PENAL CODE ANN. § 22.01(b)(1).

[2] See TEX. PENAL CODE ANN. § 22.01(b–2).

extensions would be granted and that failure to file a brief by December 23 would result in the appeals being abated and the causes remanded to the trial court for further proceedings without further notice. On January 6, 2025, Appellant's counsel filed a third motion requesting an extension to January 22 to file a brief.

We deny Appellant's third motion for extension, abate the appeals, and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeals;

2. whether Appellant is indigent;

3. why a timely appellate brief has not been filed on behalf of Appellant;

4. whether Appellant has been denied the effective assistance of counsel;

5. whether new counsel should be appointed; and

6. if Appellant desires to continue the appeals, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by February 13, 2025. If it is determined that Appellant desires to proceed with the appeals, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before January 31, 2025, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.